OPINION
{¶ 1} Defendant, Nellie Washington Moreland, appeals from a judgment rendered against her and in favor of Plaintiff, Medical Radiologists, Inc., in the amount of $310.23, plus interest and costs.
 {¶ 2} Plaintiff commenced this action as a claim on an account. Pursuant to Civ.R. 10(D), Plaintiff attached to its complaint a computer-generated copy of the account on which its claim was founded.
 {¶ 3} Defendant filed an answer to the complaint. She didn't deny that the amount claimed was due and owing to the Plaintiff. Rather, Defendant alleged that the amounts were reimbursable by Medicare and her health insurance carrier, and that they had not paid Plaintiff because of discrepancies in its billing. Defendant asked the court to continue the case to permit her to obtain documentation of her claims from her insurance carriers.
 {¶ 4} Plaintiff moved for a judgment on the pleadings pursuant to Civ.R. 12(C). The court denied the motion on a finding that it is unclear from the accounting attached to Plaintiff's complaint whether the disputed payments had been made. The court also then set the matter for trial, advising Defendant, who appeared pro se, to employ counsel and to determine whether her insurance carrier should be joined in the action as a third-party defendant.
 {¶ 5} The matter proceeded to trial on June 11, 2002. Defendant neither added any third-party defendant nor obtained counsel. At the conclusion of the hearing, the court entered judgment for the Plaintiff on its claim for relief. The judgment was journalized on the same date.
 {¶ 6} Defendant filed a timely notice of appeal. The record contains a videotape transcript of the proceedings. Pursuant to App.R. 9(A), the videotape constitutes the transcript of the proceedings that the clerk of court is required to file. The rule requires the appellant to then also file a typed or printed rendition of "those portions of such transcript necessary for the court to determine the questions presented." Defendant-Appellant has not done that.
 {¶ 7} Defendant-Appellant presents three assignment of error for our review:
FIRST ASSIGNMENT OF ERROR
 {¶ 8} "THE COURT ERRED IN EMPHASIZING THE PLAINTIFF-APPELLEE'S ACCOUNTING OF THE DEBT, AND IGNORING THE DEFENDANT-APPELLANT'S REQUEST FOR SPECIFIC INFORMATION CONCERNING THE PLAINTIFF-APPELLEE'S ACCOUNTING FOR AN ACCURATE RESEARCH AND PAYMENT OF ACCOUNT BY MEDICARE/AETNA INSURANCE COMPANIES."
 {¶ 9} Defendant contends that the trial court's adoption of Plaintiff's version of its account was improper because the account does not contain information sufficiently specific to permit Medicare and Defendant's insurance carriers to research the account and pay the claims outstanding, information that at the hearing Defendant had asked the Plaintiff to provide.
 {¶ 10} The Rules of Civil Procedure allow a party to obtain information from an adverse party in two ways. One is through a direct request for which Civ.R. 26 through Civ.R. 37, the "discovery" rules, provide. The other is through a Civ.R. 45 subpoena. The record does not indicate, and neither does Defendant claim, that she utilized those available methods.
 {¶ 11} In any event, the Defendant could not forestall a judgment against her on Plaintiff's claims because Plaintiff had not provided her information that Medicare or her insurance carrier required for reimbursement. Defendant's debt was owed to Plaintiff. The pleadings do not reflect that Defendant's debt was in any way conditioned on Plaintiff's having provided information the Defendant required to obtain reimbursement.
 {¶ 12} As for the record of the evidence presented at the hearing, we have not been provided the printed or typed portions of the transcript of the hearing that App.R. 9(A) required the Defendant to provide. Therefore, neither can we find that the evidence presented at hearing demonstrates that any condition applied to Defendant's obligation to pay Plaintiff the amount it is due.
 {¶ 13} Ultimately, Defendant's contention is that the trial court should not have elected to credit Plaintiff's claim because a proper accounting would have resulted in a different outcome. It was Defendant's burden to present the evidence necessary to support that contention. She didn't, and the court was required to proceed to judgment on the evidence before it, which preponderated in Plaintiff's favor. The court did not abuse its discretion in so doing.
 {¶ 14} The first assignment of error is overruled.
SECOND ASSIGNMENT OF ERROR
 {¶ 15} "THE COURT ERRED IN RENDERING A JUDGMENT AGAINST THE DEFENDANT-APPELLANT WHEN THERE ARE PENDING MATTERS WITH PLAINTIFF-APPELLEE AND INSURANCE COMPANIES (MEDICARE AND AETNA)."
 {¶ 16} Civ.R. 14(A) permits a defendant to join as another defendant in the action any person "who is or may be liable to him for all or part of the plaintiff's claim against him." The trial court recommended that Defendant consider that course of action with respect to her contention that Medicare and her insurance carrier were obligated to pay the Plaintiff's outstanding claims. Defendant rejected that advice. Therefore, in this action she had no recourse against Medicare or her insurance carrier. Further, the court was not required to delay entry of the judgment to which Plaintiff was entitled because Medicare and the insurance carrier were not joined.
 {¶ 17} The second assignment of error is overruled.
THIRD ASSIGNMENT OF ERROR
 {¶ 18} "STIRRING UP LAW SUITS BY ATTORNEYS AND OTHER PUBLIC OFFICIALS WITH INTENT TO INJURY PERSONS IS AN OFFENSE TO PUBLIC JUSTICE."
 {¶ 19} Defendant argues that Plaintiff filed its claim against her prematurely, denying her right of due process.
 {¶ 20} Due process constraints apply to the state and its agencies, not to the acts of private persons. Plaintiff, a corporation, is in the status of a private person. Therefore, due process did not prevent Plaintiff from filing its complaint when and as it did. Plaintiff was entitled to file the claim so long as the amount of its claim was due and owing by the Defendant.
 {¶ 21} Having said that, however, we also note that we are not unsympathetic to Defendant's situation. Implicit in a medical provider's agreement to submit a claim for its services to a recipient's insurer is a promise to submit the claim properly. Failure to do that in the very first instance often results in an insurer's refusal to pay the claim, a position that is not easily reversed even when correct information is later provided. The insured is then "stuck" with a bill her insurer should have paid.
 {¶ 22} Had Defendant joined her medical insurer as a third-party defendant, as the trial court suggested, she may have gained the leverage necessary to obtain the cooperation from Plaintiff that she claims she needed in order to obtain payment of the outstanding charges from her insurer. She didn't do that, most likely because she was unaware of how to go about that, and the amount in controversy wasn't great enough to justify hiring a lawyer who could do that.
 {¶ 23} The third assignment of error is overruled.
 Conclusion {¶ 24} Having overruled the assignments of error presented, we will affirm the judgment in Plaintiff's favor from which the appeal was taken.
WOLFF, P.J. and BROGAN, J., concur.